**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul VILLALBA, aka Paul Villabe, Sergio Alarcon and Paul Villaba Sanchez Rio, Defendant–Appellant.**

No. 05–50160.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 2006.*

Filed Jan. 11, 2007.

Becky S. Walker, Esq., Mark A. Young, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Ellen M. Barry, Esq., Law Offices of Ellen M. Barry, Los Angeles, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW and RAWLINSON, Circuit Judges, and CEBULL,** District Judge.

MEMORANDUM ***

Defendant appeals his conviction on drug charges and argues that the district court erred in denying his motion to suppress drugs and other evidence discovered by police when they executed a search warrant at his residence. We affirm.

█ Rule 41 of the Federal Rules of Criminal Procedure applies only to searches that are "federal in character." *United States v. Martinez–Garcia*, 397 F.3d 1205, 1213 (9th Cir.2005). Because the local police officers conducted the search in this case as part of a federal narcotics task force, their conduct is governed by the Rule. Violations of Rule 41(d) require suppression only if there was a "deliberate disregard of the rule or if the defendant was prejudiced." *United States v. Gantt*, 194 F.3d 987, 1005 (9th Cir.1999). Where the agent executing the warrant is unaware of the Rule but acts in good faith in executing what he or she believes to be the Rule, he or she has not acted in deliberate disregard of it; thus suppression is not appropriate, assuming that the officer's actions result in no prejudice to the defendant and that the error does not rise to the level of a constitutional violation. *United States v. Williamson*, 439 F.3d 1125 (9th Cir.2006).

█ This case involved a violation of Rule 41(d) because the officers entered the residence prior to obtaining a search warrant, however, the officers did not commence the search until the warrant had been issued. The actions of law enforcement did not amount to a deliberate disregard of the rule and Defendant has not shown that he was prejudiced. It cannot be said that the search would not have occurred or that the cocaine and money would not have been seized had the officer provided the warrant earlier.

█ When considering the totality of the circumstances in this case, and taking into account the need for notice and the practical realities facing police officers endeavoring to perform their job effectively, as recommended by *Martinez–Garcia*, 397 F.3d at 1205, it was very reasonable for the officers to commence their search while waiting for the Spanish-speaking agent to deliver the warrant. Following issuance of the three search warrants, law enforcement was notified and arrangements were immediately made for delivery at the subject residence. The officers did not commence the search until they had received notice that the warrants had been signed.

**AFFIRMED.**

WARDLAW, Circuit Judge, concurring:

I concur in the result.

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.